## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **PHILLIP J. KEANE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. |
| **BMS CAT, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT AT LAW

**NOW COMES** the Plaintiff, PHILIP KEANE, by his attorneys, BENJAMIN AND SHAPIRO, LTD, and for his Complaint at Law against the Defendant, BMS CAT, (Defendant), he alleges as follows:

### INTRODUCTION

1. The Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990, 42 USC Section 12101, *et seq.* The Plaintiff contends that through its conduct, the Defendant discriminated against the Plaintiff based on his disability, PTSD, and that as such, he was terminated from his position as an Emergency Response Coordinator.

### JURISDICTION AND VENUE

2. This court has jurisdiction and venue over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e-55(f)(3) which states as follows:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such and action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

### PARTIES

3. The Plaintiff, PHILIP KEANE, is a male who is a citizen of the United States of America and who is a resident of Homer Glen, Illinois. At all times relevant to this suit he was employed by the Defendant in the Village of Wood Dale, County of DuPage and State of Illinois.

4. The Defendant, BMS CAT is a company that specializes in fire, water and mold restoration that is located in the Village of Wood Dale, County of DuPage and State of Illinois.

## STATEMENT OF FACTS

5. On or about September 8, 2018, the Defendant hired the Plaintiff as an Emergency Response Coordinator ("ERC")

6. On or about June 9, 2021, while he was sitting in a vehicle that the Defendant owned, another vehicle approached the Plaintiff and began shooting, with the Plaintiff being caught in the crossfire.

7. The Plaintiff did not receive any physical harm from the shooting.

8. On or about June 21 2021, however, the Plaintiff filed a workers' compensation complaint claiming that he sustained mental stress from the occurrence,

9. As such, the Plaintiff's treating physician forwarded a note to the Defendant that the Plaintiff was not cleared to return to work until July 7, 2021 and then his physician noted further that the Plaintiff was not cleared to return to work from July 31, 2021 through December 31, 2021.

10. Thereafter, the Defendant commenced a review of the Plaintiff's of the operation of one of its company vehicles, and in so doing it determined that the Plaintiff was guilty of four traffic violations, and the Defendant further claimed that the Plaintiff refused to acknowledge alternate employment opportunities.

11. As such, the Defendant terminated the Plaintiff for voluntary job abandonment for his claimed failure to take the alternative employment positions.

## COUNT I

## Discrimination Based on Disability in Violation of The Americans With Disabilities Act of 1990

12. 42 USC §12101*et seq* prohibits employment practices that discriminate against persons on the basis of their disabilities..

13. The Plaintiff alleges that the Defendant's conduct in terminating the Plaintiff's employment was motivated by its discriminatory attitude toward the Plaintiff's disabilities.

14. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

15. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her gender.

16. Plaintiff is entitled to their reasonable attorneys' fees and costs of suit.

## COUNT II

**Gender-Based Discrimination in Violation of The Illinois Human Rights Act**

17. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 16, above.

18. The Illinois Human Rights Act, 775 ILCS 5/1-102 states as follows:

> (A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations

20. As set out above, the Illinois Human Rights Act guarantees an individual's freedom from discrimination "against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.:

21. Defendants discriminated against Plaintiff by treating her differently from those non-disabled co-workers, including in unequal wages and compensation, because of his disability.

22. Plaintiff's disability was the determining factor and/or a motivating factor in Defendant's actions.

23. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

24. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based his disabilites

25. Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

## COUNT III

**Pendent State Claim for Retaliation for Filing a Workers' Compensation Claim**

26. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 16, above.

27. As per the Illinois Supreme Court's decision in *Kelsay v. Motorola,* 74 Ill.2d 172, employers are prohibited from retaliating from tis employees who file workers' compensation actions.

28. The Defendant terminated the Plaintiff's employment based on the fact that on June 21, 2021, the Plaintiff filed his workers' compensation action against the Defendant.

29. 21. Defendants discriminated against Plaintiff by treating her differently from those non-disabled co-workers, including in unequal wages and compensation, because of his disability.

30. The filing of the Plaintiff's workers' compensation claim was the determining factor and/or a motivating factor in the Defendant terminating the Plaintiff.

23. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

24. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from retaliation for the filing of his workers' compensation claim.

25. Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for relief as follows:

1. For a declaration that the Defendant's actions, policies, and practices as alleged herein are unlawful;

2. For lost wages and all other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount in excess of $70,000.00.

4. For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

5. For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

6. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k),

7. For such other and further relief as this Court deems just and proper.

                **PHILIP KEANE**

           **By:**  **/s/ Scott Skaletsky**
                **Scott Skaletsky**

**Scott Skaletsky**
**Benjamin and Shapiro, Ltd.**
**180 N. LaSalle Street, Suite 2600**
**Chicago, IL 606001**
**(312) 641-5944**
**(312) 641-3370 fax**
**ARDC #6181405**
**pleading@benshaplaw.com**